**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| KENT STUBBS, #M-51378, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 17-838-SMY |
| | ) |
| NICHOLAS LAMB, et al., | ) |
| | ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME the Defendants, BROOKE ARMSTRONG, RICK DENSMORE, LISA KITTLE, JEREMY KOHN, NICHOLAS LAMB, SHERRY McVEY, SHERI NEWELL, and CHRISTOPHER WALTZ, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, hereby provide their Answer to Plaintiff's complaint, stating as follows:

I. JURISDICTION

Plaintiff:

A. Plaintiff's mailing address, register number, and present place of confinement. Kent Stubbs #M51378 Lawrence Correction Center 10930 Lawrence Rd. Sumner, IL. 62466

**Response: Defendants admit that Plaintiff, Kent Stubbs, is incarcerated at Lawrence Correctional Center.**

1

Defendant #1:

B. Defendant **Nicholas Lamb** is employed as
   (a) (Name of First Defendant)

   **Warden of Prison**
   (b) (Position/Title)

   with **Lawrence Correctional center**
   (c) (Employer's Name and Address)

   **10930 Lawrence Rd., Sumner IL. 62466**

   At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☑ Yes ☐ No

   If your answer is YES, briefly explain: **working for Illinois State prison as a warden, in charge of daily operations at Lawrence c.c.**

**Response: Defendants admit that they were employed by the Illinois Department of Corrections and acted under color of State law in their employment. Defendants admit that Mr. Lamb is the Warden at Lawrence. Defendants deny any other allegations in this section.**

Defendant #2:

C. Defendant **Mr. Densmore** is employed as
   (Name of Second Defendant)

   **food service manager**
   (Position/Title)

   with **Lawrence Correctional center**
   (Employer's Name and Address)

   **10930 Lawrence Rd., Sumner IL. 62466**

   At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government? ☑ Yes ☐ No

   If you answer is YES, briefly explain: **food service manager at Lawrence cc., an Illinois State prison, in charge of daily operations.**

**Response: Defendants admit that they were employed by the Illinois Department of Corrections and acted under color of State law in their employment. Defendants admit**

2

**that Mr. Densmore is the Food Services Program Manager at Lawrence. Defendants deny any other allegations in this section.**

> Defendant #3
>
> Additional Defendant(s) (if any):
>
> D. Using the outline set forth above, identify any additional Defendant(s).
>
> Defendant __Mr. Kone__ Employed as __food service manager__
>
> with __Lawrence Correctional Center__
>
> __10930 Lawrence Rd., Sumner IL. 62466__
> At the time claim(s) alleged in this complaint arose, was Defendant #3 employed by The State, local or federal government? ☑ YES ☐ NO
>
> If answer is YES, explain: __Dietary manager at Lawrence C.C., an Illinois State prison, in charge of daily operations.__

**Response: Defendants admit that they were employed by the Illinois Department of Corrections and acted under color of State law in their employment. Defendants admit that Mr. Kine is a food service manager. Defendants deny any other allegations in this section.**

3

<p/>

Defendant #4

E. Defendant Christopher Waltz Employed as Dietary Supervisor with Lawrence Correctional Center 10930 Lawrence Rd., Sumner IL. 62466.

At time the claim(s) alleged in this complaint arose, was Defendant #4 employed by the state, local, or federal government? ☒ YES ☐ NO

If answer is YES, explain: Dietary Supervisor at Lawrence C.C., at Illinois State prison, In charge of daily operations.

**Response: Defendants admit that they were employed by the Illinois Department of Corrections and acted under color of State law in their employment. Defendants admit that Mr. Waltz is a food service supervisor. Defendants deny any other allegations in this section.**

Defendant #5

F. Defendant Brook Armstrong Employed as Dietary Supervisor with Lawrence Correctional Center 10930 Lawrence Rd., Sumner IL. 62466

At times the claim(s) alleged in this complaint arose, was Defendant #5 employed by the state, local, or federal government? ☒ YES ☐ NO

If answer is YES, explain: Dietary Supervisor at Lawrence C.C., an Illinois State prison, in charge of daily operations.

**Response: Defendants admit that they were employed by the Illinois Department of Corrections and acted under color of State law in their employment. Defendants admit that**

**Ms. Armstrong is a food service supervisor. Defendants deny any other allegations in this section.**

> Defendant #6
>
> G. Defendant __Lisa Kittle__ Employed as __Dietary Supervisor__ with __Lawrence Correctional Center__
> 10930 Lawrence Rd., Sumner IL. 62466
>
> At times the claim(s) alleged in this complaint arose, was Defendant #6 employed by the state, local, or federal government?  ☒ YES  ☐ NO
>
> If answer is YES, explain: Dietary Supervisor at Lawrence C.C., at Illinois State prison, in charge of daily operations.

**Response: Defendants admit that they were employed by the Illinois Department of Corrections and acted under color of State law in their employment. Defendants admit that Mrs. Kittle is a food service supervisor. Defendants deny any other allegations in this section.**

5

Defendant #7

H. Defendant **Sherri Newnell** Employed as **Dietary Supervisor** with **Lawrence Correctional Center**, **10930 Lawrence Rd., Sumner IL. 62466**

At times the claim(s) alleged in this complaint arose, was Defendant #7 employed by the State, local, or federal government? ☒ YES ☐ NO

If answer is YES, explain: Dietary Supervisor at Lawrence C.C., an Illinois State prison, in charge of daily operations.

**Response: Defendants admit that they were employed by the Illinois Department of Corrections and acted under color of State law in their employment. Defendants admit that Ms. Newell is a food service supervisor. Defendants deny any other allegations in this section.**

Defendant #8

I. Defendant **Mrs. McVee** Employed as **Dietary Supervisor** with **Lawrence Correction Center**, **10930 Lawrence Rd., Sumner IL. 62466**

At times the claim(s) alleged in this complaint arose, was Defendant #8 employed by the State, local, or federal government? ☒ YES ☐ NO

If answer is YES, Explain: Dietary Supervisor at Lawrence C.C., an Illinois State prison, in charge of daily operations.

6

**Response: Defendants admit that they were employed by the Illinois Department of Corrections and acted under color of State law in their employment. Defendants admit that Mrs. McVee is a food service supervisor.  Defendants deny any other allegations in this section.**

II.   PREVIOUS LAWSUITS

    A.  Have you begun any other lawsuits in state or federal court relating to your imprisonment?    ☑ Yes  ☐ No

    B.  If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  <u>Failure to comply with this provision may result in summary denial of your complaint</u>.

        1.  Parties to previous lawsuits:
           Plaintiff(s): Kent Stubbs

           Defendant(s): Tom Dart et al.,

    2.  Court (if federal court, name of the district; if state court, name of the county): Northern District of Illinois

    3.  Docket number: 14 C 5271

    4.  Name of Judge to whom case was assigned: Manish S. Shah

    5.  Type of case (for example: Was it a habeas corpus or civil rights action?): Civil Rights complaint

    6.  Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Case still Pending

    7.  Approximate date of filing lawsuit: July, 2014

    8.  Approximate date of disposition: August 1, 2017

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's previous lawsuits.**

III. **GRIEVANCE PROCEDURE**

    A. Is there a prisoner grievance procedure in the institution? ☑ Yes ☐ No

    B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☑ Yes ☐ No

C. If your answer is YES,
    1. What steps did you take? I Submitted an Emergency grievance which was deemed non-Emergency by warden. I Then Submitted grievence to counselor, grievence officer, and Then sent grievence to Springfield, in an attempt To address The Serious need for changes in Dietary.

    2. What was the result? No Changes have been made to these conditions at Lawrence c.c., and Springfield Seem to ignore The Serious nature of The grievence and the issues raised and deemed The grievence as, untimely filed.

D. If your answer is NO, explain why not.  N/A

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes ☐ No

N/A

F.

8

F.  If your answer is YES,
    1. What steps did you take?

    2. What was the result?

    N/A

G.  If your answer is NO, explain why not.

H.  Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

See Attached document(s) (Exhibits 1-5)

**Response: Defendants deny that Plaintiff followed the proper grievance procedure.**

IV. STATEMENT OF CLAIM

A.  State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

During my time at Lawrence I've gotten sick on several occasions after eating in the chow hall. I've gotten nausiated, had severe cases of diahreah, and felt like vomiting on more than one occasion. Most recently it has come to my attention that these illnesses may be caused by food contamination and unsanitary conditions in the chow-hall and kitchen area where food is being prepared and stored before serving.

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff becoming ill. Defendants deny all other allegations in this paragraph.**

9

(1) - On Tuesday, December 13, 2016, I found a mouse dropping stuck to the bread roll on my lunch tray in the chow hall. I had already eaten most of the food on my tray before I even noticed the small black object stuck to the bread. I used my spoon to examine it, realizing it was a mouse dropping, I showed it to inmate Payton #B11265, who was sitting at the table. He looked at it also stating it was a mouse dropping.

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

(2) - Later after leaving the chow hall, I learned of another inmate on the same wing with me who found a mouse dropping stuck to his milk carton. I spoke with him, but he did not want to be included in my grievance because he was awaiting transfer and feared staff would retaliate. However, he did confirm the incident, so I only identified him by his last name in my grievance (Inmate: Hill, 3-House, A-wing, Cell-upper -5) - On December 18, 2016, I submitted an emergency grievance to the warden, "Nicholas Lamb", to complain about the rodent feeces on my tray and the other health issues I've witnessed in the chow hall. Such as, mice running in and out of large holes in the heating vents along the wall in the chow hall.

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

(3) - The chow hall floors are often covered with garbage and food, brushed from the tables by inmates working in the chow hall clearing tables for the next line of inmates coming to eat.

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

(4) - On one occasion, I saw three to four mice at one time peaking out multiple holes along the vent, taking turns running out to grab food off the floor.

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

10

⑤- I've been served food on dirty trays covered with black buildup and left over food resedue.

**Response: Defendants deny any allegations that food is prepared, stored, or served in an unsanitary state. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

⑥- Trays are being prepared in advance before the inmates even enter the chow hall, and are left sitting along the serving line. In the summer I have witnessed several dozen flies swarming all over the trays of food as they sat along the serving line.

**Response: Defendants deny any allegations that food is prepared, stored, or served in an unsanitary state. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

⑦- A few times during the summer, the chow hall was closed or shut down due to 'magotts' being found on the serving line.

**Response: Defendants deny any allegations that food is prepared, stored, or served in an unsanitary state. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

⑧- The Hot-pans of food are (NOT) placed inside the steamers on the serving line the way they should be. But instead, the steamers are covered with lids, and the Hot pans are left sitting on top, so most of the time we are being served cold food that should have been served Hot. And because the food is not being maintained at the appropriate serving temperature, it presents a Health Risk.

**Response: Defendants deny any allegations that food is prepared, stored, or served in an unsanitary state. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

⑨- On numerous occasions I have seen dirty cups filled with water sitting on the serving line for inmates to drink that had food stuck to the inside walls and food floating around at the bottom.

11

**Response: Defendants deny any allegations that food is prepared, stored, or served in an unsanitary state. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

(10) - I've also been told by several inmates working in the chow hall passing out water, nor to drink out the cups because they're dirty, but the kitchen Supervisor instructed them to use the cups anyway.

**Response: Defendants deny any allegations that food is prepared, stored, or served in an unsanitary state. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

(11) - Through my grievance I informed warden "Nicholas Lamb" that I had learned from several inmates working in the chow hall that there was also a serious rodent infestation in the kitchen area where the food is being prepared and cooked. (See original Grievance Dated 12/18/16)(Exhibit 3A - 3C)

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

(12) - Inmates: Dalast Anderson #M26891, Charles Howard #R40389, and Lorenzo Grier #R32069, along with many others who worked, or still work in the kitchen have informed me that they too have witnessed mice running around in the kitchen area, underneath the stove and hot boxes, and inside the coolers. Have seen mouse droppings on crates of juices, found mouse feeces on pans of biscuits that were supposedly thrown out after finding mouse droppings on them. These inmates have also stated that the kitchen supervisors are aware of these conditions and either turn a blind eye to the conditions or are willing to do very little to address the problems.

**Response: Defendants deny any allegations that food is prepared, stored, or served in an unsanitary state. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

(13) - Around December 27, 2016, my Emergency grievance that I submitted to the warden, was returned and deemed a non-emergency, despite the potential Health Risk, and I was instructed to submit my grievance in the 'Normal manner'.

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

(14) - On January 5, 2017, I handed my grievance to the counselor - 'Mr. Kittle', as I was instructed to do so, and after filing my grievance against dietary, the counselor began to act in a very vendictive way. He refused to provide any responses to my request for information about my grievance. He refused to speak with me whenever he came on the wing of the housing unit where I lived.

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

(15) I wrote several request slips addressing my concerns to Assistant warden "Dr. Brookhart", Assistant warden "Russle Goins", warden "Nicholas Lamb", and Head Counselor "Downin", All of which were ignored, and I recieved 'No' responses at all. (Exhibits 1A-1F)

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

(16)- Later I learned that Counselor "Kittle's" wife was a supervisor in the kitchen where these incidents had accured, at which point I filed a Seperate Emergency grievence to the warden, Stating that mr. Kittle's participation in my grievence filed against The Dietary and its supervisors was a conflict of interest. Warden 'Nicholas Lamb' deemed this Emergency grievence a non-Emergency AS well, and I forwarded it to Springfield, along with a copy of all my request slips to The Counselor and his Superiors That were ignored, and I sent a Seperate grievence to Springfield to Address The reluctance by the Staff and The warden to respond to Any of my written request, And my fear that their inability to Seriously address The Health and Safety issues in The kitchen at Lawrence Could lead to me and many other inmates Contracting a Serious Illness or developing other heath problems.

After forwarding my documents to Springfield concerning the counselor and Staff conduct, I recieved the original Emergency grievence back from the counselor that I wrote against Dietary It was signed by the counselor on 4/14/17, with a response indicating that Dietary Staff follows all Illinois Dietary laws Concerning the handling and preparing of food, as well as Sanitation requirements. I then forwarded the grievence to The grievence officer on 4/23/17, And recieved it back on 5/11/17, with no signature or stamp or any indication it was reviewed by Grievence officer. It was Signed by The warden on 12/27/16 and The counselor on 4/14/17, So I forwarded The Grievence, written 12/13/16, against Dietary, to springfield on 5/12/17. The Second Grievence Spoken of in line paragraph-16, was mailed on 4/9/17, and deemed untimely filed, (Exhibits 2A-2D) my original grievence which wasn't returned to me until 5/11/17. And mailed to Springfield A couple days later was Also deemed as untimely filed, (See Exhibits

**Response: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.**

14

(17) – Since filing my original grievance I have seen no attempt by staff to address these issues, and I have gotten sick a number of times after eating food from the chowhall, and I've further witnessed, health and safety, violations, such as: food trays being prepared and left sitting on the line. I've been served cold food that should be hot. I've been served 'raw' undercooked chicken, which caused several inmates on my wing to get sick from eating it. (Exhibits 4A-4C)

**Response: Defendants deny any allegations that food is prepared, stored, or served in an unsanitary state. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

(18) – Inmates working in the chow hall continue to report that the steamers for the serving line do not work, There is still a rodent infestation in the kitchen area of the chow Hall, and also underneath the warmer and steamer on the serving line there are signs of rodent's nesting.

In response to these conditions I have decided to move forward with filing this claim against Lawrence Correctional Center's Warden, Nicholas Lamb, and its Dietary Staff and Supervisors, due to the effect These conditions have had on my health, fitness, and well being. I also filed a grievance in response to my getting sick from eating in the chow hall and for being served Raw chicken. (Grievance was dated: July 17, 2017). This Second Grievance However, has not yet Been fully exhausted, but a copy has been Attached for the court record. (Exhibits: 5A-5D).

**Response: Defendants deny any allegations that food is prepared, stored, or served in an unsanitary state. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.**

15

## V. REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

Monitary Damages in the Amount of $100,000, and the Improvement of Lawrence Correction Center's Dietary Health and Safety Standards, and close monitoring by an outside Agency that's not connected to the State Prison system, to insure changes are made, and the staff is following Illinois food and safety protocols and Guidelines.

**Response: Defendants deny that Plaintiff is entitled to any relief whatsoever.**

## VI. JURY DEMAND (check one box below)

The plaintiff ☑ does ☐ does not request a trial by jury.

**Response: Defendants request a trial by jury in this matter.**

16

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims against Defendants in their official capacity are barred by Eleventh Amendment and sovereign immunity.

2. Plaintiff, an inmate in the Illinois Department of Corrections, has failed to exhaust all available administrative remedies, prior to initiating this action so his claims are barred by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a).

3. At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are, therefore, protected from suit by the doctrine of qualified immunity.

Wherefore, Defendants, BROOKE ARMSTRONG, RICK DENSMORE, LISA KITTLE, JEREMY KOHN, NICHOLAS LAMB, SHERRY McVEY, SHERRI NEWELL, and CHRISTOPHER WALTZ, request this Honorable Court enter judgment in their favor and for any other relief this Court deems just and proper.

Respectfully Submitted,

BROOKE ARMSTRONG, RICK DENSMORE, LISA KITTLE, JEREMY KOHN, NICHOLAS LAMB, SHERRY McVEY, SHERRI NEWELL, and CHRISTOPHER WALTZ,

Defendants,

R. Levi Carwile, #6317375
Assistant Attorney General
500 South Second Street
Springfield, IL  62701
(217) 557-0261 Phone
(217) 524-5091 Fax
Email:  rcarwile@atg.state.il.us

LISA MADIGAN, Attorney General
State of Illinois

Attorney for Defendants,

By:  s/ R. Levi Carwile
    R. Levi Carwile
    Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| KENT STUBBS, #M-51378, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 17-838-SMY |
| ) | |
| NICHOLAS LAMB, et al., ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2018, the foregoing certificate, Answer and Affirmative Defenses, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the same to be mailed by United States Postal Service, in an envelope, properly addressed and fully prepaid, to the following non-registered participant:

Kent Stubbs, #M-51378
Lawrence Correctional Center
Inmate Mail/Parcels
Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL 62466

Respectfully submitted,

s/ R. Levi Carwile
R. Levi Carwile, #6317375
Assistant Attorney General
General Law Bureau
Office of the Attorney General
500 South Second Street
Springfield, IL 62701
(217) 557-0261 Phone
(217) 524-5091 Fax
rcarwile@atg.state.il.us

18